UNITED STATES BANKRUPTCY COURT  NOT FOR PUBLICATION
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
In re

    Konrad S. Ortega                                   Case No. 15-10834 K

                          Debtor
-------------------------------------------------------------------
R.B. MAC CONSTRUCTION CO., INC.

                          Plaintiff

        -vs-                                    AP No. 15-1055 K

KONRAD S. ORTEGA

                          Defendant
-------------------------------------------------------------------


James W. Gresens, Esq.
Duke Holzman Photiadis & Gresens LLP
701 Seneca Street, Suite 750
Buffalo, NY   14210

Attorney for Plaintiff


Arthur G. Baumeister, Jr., Esq.
Amigone, Sanchez & Mattrey LLP
1300 Main Place Tower
350 Main Street
Buffalo, NY 14202

Attorney for Defendant


DECISION AND ORDER
SCHEDULING AN EVIDENTIARY HEARING

The Debtor's reliance on *In re Medaglia*, 52 F.3d 457 (2d Cir. 1995), is misplaced because *In re Benedict*, 90 F.3d 50 (2d Cir. 1996) came a year later, and binds this Court.

In light of cases like *In re Smith*, 379 B.R. 315 (Bankr. N.D. Ill. 2007), in which omitting a "known creditor" was found to constitute a "false oath" that worked to equitably estop Debtor from objecting to the lateness of the § 523 Complaint (and in light of *Benedict*), the Court orders that unless this Adversary Proceeding is settled, the matter is set down for evidentiary hearing.

The Court sees that when R.B. Mac Construction Co., Inc.("R.B. Mac") appeared in this case (as opposed to the OCB case) it did not just file a "Notice of Appearance" as the Debtor argues. It also was a "Demand for Notices and Papers."

This writer knows of no provision of statute or rule that requires the Court or its Clerk to send any or all of the notices to people it did not know of.

However, Ortega should have listed R.B. Mac. He was sued in the OCB case, but did not schedule the disputed debt in his own case. And, critically, he did not monitor the docket to see that R.B. Mac not only made a "Notice of Appearance," but also demanded service of notices. Who had the burden to respond to that demand?

It was this Debtor's burden.  A debtor may not be permitted to leave "known creditors" off his or her schedules, perhaps hoping that those creditors might miss the Rule 4007 deadline. If he had amended his schedules (as he should have

done) in response to R.B. Mac's "Notice of Appearance and Demand for Notices and Papers") he would have been required to serve a copy of the § 341 notice on Mac's counsel along with notice of the amendment.

On February 11, 2016 at 10:00 a.m. the Debtor shall provide evidentiary support for his Motion to Dismiss the Adversary Proceeding, in light of *Benedict*. If he cannot do so without waiving attorney-client privilege, and chooses not to waive that privilege, then his Motion will be denied, and this Adversary Proceeding will proceed to discovery, etc.[1]

SO ORDERED.

Dated:   Buffalo, New York
         January 11, 2016

                                                          s/Michael J. Kaplan
                                                      _____
                                                                 U.S.B.J.

---

[1] The Debtor's *Twombly/Iqbal* argument against the Complaint is rejected. The Debtor cannot honestly attest that he does not know what he is accused of, and cannot honestly deny that if the allegations of the Complaint are true (and they must be presumed to be true for purposes of a Rule 12(b)(6) motion, the Court might rule that Mac's claim is a non-dischargeable debt.